IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LYNDEN JAMES UPLINGER,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:11-cr-0168<br><br>Judge Clark Waddoups |

    This matter is before the court on Defendant Lynden James Uplinger's Motion for Early Termination of Supervised Release. From February 2008 to June 2008, Mr. Uplinger engaged in criminal conduct that led to charges in 2011. On May 9, 2011, Mr. Uplinger pled guilty to Count I (Use of Interstate Facility to Transmit Information about a Minor) and Count II (Receipt of Child Pornography) of a Felony Information. Statement in Advance of Plea, ¶¶ 1, 11 (ECF No. 16); Minute Entry (ECF No. 14). Judge Dee Benson sentenced Mr. Uplinger to 108-months imprisonment and a lifetime term of supervised release. Judgment, at 2–3 (ECF No. 37); Amended Judgment, at 2–3 (ECF No. 41). Mr. Uplinger was released from prison on or about September 20, 2019, and has been on supervised release for approximately four years.

    A court has authority to terminate supervised release early pursuant to 18 U.S.C. § 3583(e)(1) if, when balancing the factors stated in 18 U.S.C. § 3553(a), the court concludes such relief is warranted. Mr. Uplinger asserts early termination is appropriate because he has not

committed another criminal offense since 2008 and had no disciplinary actions while imprisoned. Mot. for Early Term., at 1 (ECF No. 46).  Mr. Uplinger reports that within two weeks of being released from prison, he obtained employment and has been employed since that time.  *Id.*  He further reports "excellent behavior, family support and a solid relationship" as grounds to terminate lifetime supervision.  *Id.*

The United States opposes Mr. Uplinger's motion.  It notes that 18 months after Mr. Uplinger started his term of supervision, he engaged in the crime of Disorderly Conduct.  Mem. in Opp'n, ¶ 5 (ECF No. 51).  Mr. Uplinger pled "guilty to a Disorderly Conduct infraction with a domestic violence attribute" on March 29, 2022.  *Id.* (quotations omitted); *see also* Supervision Rpt., at 2 (ECF No. 45).  He completed sex offender treatment in 2022, which the United States asserts is insufficient time to show how effective the treatment was.  Mem. in Opp'n, at ¶ 11 (ECF No. 51).  The United States further asserts it has been in contact with one of Mr. Uplinger's ex-wives, with whom he has a daughter, and his former wife is concerned about him being released from supervision.  *Id.* at ¶ 12.  She reports "occasions where [Mr. Uplinger] appears to be stalking her and/or their daughter."  *Id.*

In 1998, Mr. Uplinger pled guilty to attempted stalking.  In 2022, he had "an active permanent stalking injunction in place" during divorce proceedings with a different ex-wife.  Supervision Rpt., at 2 (ECF No. 45).  Additionally, Mr. Uplinger has a history of downplaying the seriousness of his conduct.  Although the court commends Mr. Uplinger for his educational efforts, work efforts, and relationship efforts, it nevertheless agrees with the United States that insufficient time has elapsed to show that Mr. Uplinger will continue in his progress without supervision.

Accordingly, after taking all § 3553 factors into consideration, the court denies Mr. Uplinger's Motion for Early Termination of Supervised Release (ECF No. 46).

DATED this 17th day of October, 2023.

BY THE COURT:

Clark Waddoups
United States District Judge